## ADDENDUM TO PROOF OF CLAIM OF FIEDLER GROUP

The following is submitted by UTS Inc. ("UTS") to supplement the information set forth in the accompanying Proof of Claim and is fully incorporated therein.

### Question 8: The Basis of the Claim

UTS and debtor, Engineer.ai Corp. ("Engineer.ai"), are parties to two sponsorship agreements ("Sponsorship Agreement NY" and "Sponsorship Agreement London", collectively referred to as the "Sponsorship Agreements"),[1] the terms of which governed UTS's relationship with Engineer.ai and its affiliates. The Sponsorship Agreement NY was entered into on August 8, 2024 and the Sponsorship Agreement London was entered into on October 29, 2024. Pursuant to the Sponsorship Agreements, UTS agreed to appoint Engineer.ai as the "Official Technology Partner of UTS London", "Official Technology Partner of UTS New York by Builder.ai" and "Presenting Partner of UTS New York by Builder.ai." In accordance with the agreement, UTS promoted this partnership across all relevant publications, advertisements, speeches, lectures, interviews, press releases, websites, and similar initiatives associated with its 2024 London and New York professional tennis tours. The collaboration was designed to increase Engineer.ai's visibility among UTS's substantial audience and supporters.

Under the Sponsorship Agreements, UTS agreed to advertise Engineer.ai in its app, website, social media accounts, digital ticketing, and official promotion videos.[2] In addition, UTS granted Engineer.ai the right to set up a booth in each stadium concourse to showcase Builder.ai services at each UTS event.[3] Further, UTS agreed to provide general admission and VIP tickets, and sponsor logo visibility on panels and various television screens in the stadiums.[4] In consideration for these advertisements, Builder.ai committed to remit $200,000 under each Sponsorship Agreement, amounting to a total of $400,000.[5] Payment is to be made within 90 days following receipt of each respective invoice (hereafter collectively referred to as the "Invoices").[6] Furthermore, in accordance with the agreement confirmed via email, Engineer.ai consented to reimburse UTS for expenses up to $7,933.84; however, the final stagehand cost totaled $6,073.63.[7]

### General Reservation of Rights

This Proof of Claim is filed to protect UTS from potential forfeiture of any claims. By filing this Proof of Claim, UTS (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim, and (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by Engineer.ai, its estate, or any successor entity, or any other person. The execution and filing of

---

[1] A copy of each sponsorship agreement is attached hereto as **Composite Exhibit A**.
[2] *See* Sponsorship Agreements at Schedule I.
[3] *Id.*
[4] *Id.*
[5] *See* Sponsorship Agreements at Schedule II. A copy of each invoice is attached hereto as **Composite Exhibit B**.
[6] *Id*.
[7] A copy of the email communication is attached hereto as **Exhibit C**. Please note that while Builder.ai's representative, Evan Srivastava, requested a payment link in the communications, no such link was provided. Instead, UTS made the payment and subsequently issued an invoice for the outstanding amount.

this Proof of Claim, and any subsequent amendment hereof, appearance, pleading, claim or suit is not intended to be, and should not be construed as, (a) an election of or waiver of remedies by UTS; (b) a waiver of the right of UTS to have final orders in non-core or "core" matters implicated by the Supreme Court's holding in *Stern v. Marshall* entered only after de novo review by a District Court judge; (c) a waiver of the right of UTS to trial by jury in any proceeding so triable; (d) a waiver of the right of UTS to have the reference withdrawn by the District Court for any matter involving UTS; or (e) a waiver of any other rights, claims, actions, defenses, set-offs, or recoupments to which UTS is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments UTS expressly reserves.

UTS expressly reserves the right to assert administrative expense status for all or any portion of the amount set forth in the Proof of Claim, and nothing herein shall be construed as a waiver of any request for, right to, or expectation of administrative treatment of, any such claims.

UTS reserves all rights to amend or supplement this Claim, including to increase the amount of the claim on account of charges due and owing to UTS not included in or contemplated by this claim, whether through inadvertence or otherwise. UTS further reserves the right to file additional proofs of claim for additional claims, including claims which may be based on the same or additional documents and transactions.

**Notices**

Any and all notices regarding this claim should be provided to:

W. Keith Fendrick, Esq.
Holland & Knight LLP
100 North Tampa Street, Suite 4100
keith.fendrick@hklaw.com
Phone: (813) 227-6707
-and-
Kameron Fleming, Esq.
Holland & Knight LLP
50 North Laura Street, Suite 3900
kameron.fleming@hklaw.com
Phone: (904) 798-5480