IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Engineer.ai Corp.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-10984 (CTG)<br><br>**Related D.I.: 44** |

**ORDER GRANTING VIOLA CREDIT PARTNERS MANAGEMENT,
LIMITED PARTNERSHIP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of Viola Credit Partners Management, Limited Partnership's Motion for Relief From the Automatic Stay (the "Motion")[1] filed by Viola Credit Partners Management, Limited Partnership (the "Agent"), for an order terminating the automatic stay pursuant to Section 362(d) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that due and sufficient notice of the Motion has been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The automatic stay imposed by Bankruptcy Code section 362 is hereby lifted and modified, as the case may be, to allow the Agent to exercise and enforce any and all of its state

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

and federal law rights and remedies with respect to the DACA, the JPMC Accounts and the funds therein, and apply any such proceeds in satisfaction of the Debtor's obligations under the Loan Agreement.

3. This Order is immediately effective upon its entry and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

4. This Court retains jurisdiction with respect to all matters arising from, and related to, the implementation, interpretation, and enforcement of this Order.

**Dated: January 2nd, 2026**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE