**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENGINEER.AI CORP.,<br><br>         Debtor. | Chapter 7<br><br>Case No. 25-10984 (CTG)<br><br>**Obj. Deadline: April 30, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: May 12, 2026 at 2:00 p.m. (ET)** |
| DAVID W. CARICKHOFF, solely in his capacity as the Chapter 7 Trustee of the estate of Engineer.ai Corp.,<br><br>         Plaintiff,<br><br>-against-<br><br>TALKDESK, INC.,<br><br>         Defendant. | Adv. Proc. No. 25-52437 (CTG) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER**
**APPROVING SETTLEMENT WITH TALKDESK, INC.**
**PURSUANT TO FED. R. BANKR. P. 9019**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above-captioned debtor (the "Debtor") and plaintiff in the above-captioned adversary proceeding, files this Motion pursuant to Federal Rule of Bankruptcy Procedure 9019, for entry of an order authorizing and approving the settlement with Talkdesk, Inc. ("Talkdesk"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court pursuant to the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29,

2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry by this Court of a final order in connection with this Motion.

2.     The predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On June 2, 2025 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Prior to the Petition Date, the Debtor developed application solutions and offered third-party services and aggregated software services.

4.     On or about the Petition Date, David W. Carickhoff was appointed the Chapter 7 Trustee of the Debtor's estate (the "Estate").

5.     The section 341(a) meeting of creditors was held and concluded on July 2, 2025.

6.     Prior to the Petition Date, on March 4, 2020, the Debtor and Talkdesk entered into that certain Master Services Agreement (the "MSA"), which governed the commercial relationship between the parties.

7.     On or about July 8, 2022, the Debtor commenced litigation arising from the MSA against Talkdesk in the Los Angeles County Superior Court, Case No. 22STCV22161 (the "LASC Action").

8.     On or about February 23, 2024, Talkdesk filed a cross-complaint against the Debtor in the LASC Action.

9.     On or about November 5, 2024, the court in the LASC Action entered judgment dismissing the Debtor's claims against Talkdesk.

10.     On or about March 28, 2025, the court in the LASC Action entered an order granting, in part, Talkdesk's motion for summary adjudication and, among other things, finding the Debtor liable for breach of the MSA.

11.     On or about April 9, 2025, the Debtor and Talkdesk entered into that certain *Confidential Settlement and Release Agreement* (the "Original Settlement Agreement") to resolve the LASC Action.

12.     The Debtor agreed in the Original Settlement Agreement to, among other things, pay not less than $15,000,000 to Talkdesk to settle the LASC Action.

13.     On April 9, 2025, the Debtor made a $5,000,000 transfer to Talkdesk (the "Challenged Transfer") from the Debtor's account at JPMorgan Chase Bank, N.A. (account ending -1521).

14.     Following the Petition Date, on December 1, 2025, the Trustee filed the *Complaint to Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 547, 550* (the "Complaint"), thereby commencing adversary proceeding no 25-52437 (the "Adversary Proceeding") with the Bankruptcy Court.  By the Complaint, the Trustee sought to avoid and recover the Challenged Transfer from Talkdesk.

15.     Talkdesk has denied liability to the Estate, has asserted that the Challenged Transfer is not subject to avoidance on various grounds, and has asserted various affirmative defenses.

16.     The Parties engaged in extensive, good faith and arms' length negotiations and have agreed, subject to Court approval, to resolve the Adversary Proceeding on the terms set forth in the settlement agreement attached hereto as <u>Exhibit A</u> (the "Settlement Agreement").[1]

---

[1] Capitalized terms used but not defined in this Motion have the meanings ascribed to such terms in the Settlement Agreement.

## SETTLEMENT AGREEMENT[2]

17.     The material terms of the Settlement Agreement include the following:

a.     **Effective Date**.  The effective date of the Settlement Agreement and all of its terms (the "Settlement Effective Date") shall be the date upon which a final and non-appealable order (the "Approval Order") approving the Settlement Agreement is entered by the Bankruptcy Court.

b.     **Settlement Payment**. Within seven (7) business days after the Settlement Effective Date, Talkdesk shall remit to the Trustee, using the wire instructions provided to Talkdesk with the executed copy of the Settlement Agreement, the sum of $2,000,000.00 (the "Settlement Payment") in full and final satisfaction of the claims asserted by the Trustee in the Complaint.

c.     **Talkdesk Proof of Claim**.  The Trustee, on behalf of the Estate, agrees and the Approval Order shall provide that Talkdesk may file a proof of claim in the amount of $15,000,000.00 as a general unsecured claim (the "Talkdesk Proof of Claim").  Talkdesk will file the Talkdesk Proof of Claim with the Bankruptcy Court within 30 days after the Settlement Effective Date.  The Trustee, on behalf of the Estate, agrees and the Approval Order will provide that the Talkdesk Proof of Claim filed in accordance with the terms of the Settlement Agreement shall be deemed an allowed, timely filed general unsecured claim against the Estate.

d.     **Trustee's Limited Release**.  Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtor and the Estate (collectively, the "Estate Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Talkdesk from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Estate Releasors have, have had, may have or may claim to have against Talkdesk arising from or relating to the Challenged Transfer, the Original Settlement Agreement, the Complaint, the Adversary Proceeding or the MSA, including, without limitation, any claims or causes of action arising under chapter 5 of the Bankruptcy Code.  For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce the Settlement Agreement in accordance with its terms.

---

[2] The terms of the Settlement Agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement.  In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

4

e.    **Talkdesk's Limited Release**.  Effective on the Settlement Effective Date, Talkdesk shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Estate Releasors from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Talkdesk has, has had, may have or may claim to have against the Estate Releasors arising from or relating to the Challenged Transfers, the Original Settlement Agreement, the Complaint, the Adversary Proceeding or the MSA.  For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of Talkdesk to enforce the Settlement Agreement in accordance with its terms.  Further, for the avoidance of doubt, the foregoing release shall have no effect on the Talkdesk Proof of Claim.

## RELIEF REQUESTED

18.    By this Motion, the Trustee seeks the entry of an order, substantially in the form attached hereto as Exhibit B, authorizing and approving the Settlement Agreement.

19.    Bankruptcy Rule 9019 provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a); *see Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

20.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors."

*Id.* Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

21.    Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

22.    A review of the *Martin* factors demonstrates that the settlement with Talkdesk should be authorized and approved. The Trustee and his professionals have invested time and effort in investigating, analyzing, and prosecuting the Complaint. The Trustee considered the arguments and defenses asserted by Talkdesk. The Trustee also considered the costs, risks, and delays of litigation. In particular, this adversary proceeding involved a single transfer that was made following years of prepetition litigation between the Debtor and Talkdesk. The compromises set forth in the Settlement Agreement are the product of extensive, good faith and arm's length negotiations between the Trustee and Talkdesk. The Settlement Payment represents a meaningful recovery on the Challenged Transfer. The allowance of the Talkdesk Proof of Claim is fair and reasonable. Further, the mutual releases in the Settlement Agreement are appropriately tailored.

6

23.     The Trustee respectfully submits that the Settlement Agreement with Talkdesk is fair, reasonable, and in the best interest of the Debtor's Estate and creditors.  The Trustee likewise believes the settlement and compromise are founded on the exercise of sound business judgment by the Trustee and, accordingly, should be approved.

### NOTICE

24.     Notice of this Motion will be given to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee; (b) Talkdesk; and (c) all parties that have requested to receive notice in this case pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is reasonable and appropriate in light of the relief requested and the circumstances of this chapter 7 case and requests that such notice be approved as good and sufficient.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, approving the settlement agreement with Talkdesk, and granting such other and further relief as the Court deems just and equitable.

Dated: April 16, 2026                                    CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Bryan J. Hall*
Bryan J. Hall (No. 6285)
Mariska Suparman (No. 7271)
Aaron J. Bach (No. 7364)
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
(302) 295-0199 (fax)
hall@chipmanbrown.com
suparman@chipmanbrown.com
bach@chipmanbrown.com

-and-

Adam D. Cole, Esq.
420 Lexington Avenue, Suite 442
New York, New York 10170
(646) 685-8363
cole@chipmanbrown.com

*Counsel to the Plaintiff Chapter 7 Trustee*